UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

BIG LOTS STORES, INC.,

      Plaintiff,

  v.

SORENSEN RESEARCH AND
DEVELOPMENT TRUST,

      Defendant.

Case No. 2:08-cv-00506
JUDGE GREGORY L. FROST
Magistrate Judge Terence P. Kemp

**OPINION AND ORDER**

      This matter is before the Court for consideration of a motion (Doc. # 13) filed by Defendant Sorensen Research and Development Trust to dismiss the claim against it for lack of personal jurisdiction, or in the alternative, to transfer the case on the basis of improper venue.  In addition to the motion, a memorandum in opposition (Doc. # 24) filed by Plaintiff Big Lots Stores, Inc. and Defendant's reply memorandum (Doc. # 26), are before the Court.  For the reasons that follow, the Court **GRANTS** Defendant's motion to transfer the case to the United States District Court for the Southern District of California.

**I.  Background**

      On May, 23, 2008, Plaintiff, a discount retailer with its place of business in Ohio, brought the instant suit against Defendant, an entity based in San Diego, California.  (Doc. # 2 ¶¶ 1-2.) Plaintiff alleges that Defendant sent Plaintiff multiple cease-and-desist letters accusing Plaintiff of infringement of United States Patent No. 4,935,184 (the '184 Patent).  (*Id.* ¶ 6.)  Plaintiff

seeks declaratory judgment that Plaintiff has not infringed upon Defendant's patent rights. (*Id*. ¶ 9.)

On April 20, 2009, Defendant filed a motion to dismiss the action, or in the alternative, to transfer the case to the Southern District of California. (Doc. # 13, at 1-2, 11.) Defendant argues that this Court lacks personal jurisdiction over Defendant because the cease-and-desist letters are insufficient to meet the requirements of the Due Process Clause. (*Id*. at 9.) Moreover, Defendant contends that the Southern District of Ohio is an improper venue for this case and that the proper venue is the Southern District of California, the place where Defendant resides and conducts business. (*Id*. at 11-13.)

Plaintiff submitted a memorandum in opposition, arguing that this Court has personal jurisdiction over Defendant. (Doc. # 24.) Specifically, Plaintiff argues that Defendant engaged in "additional conduct"–namely, voluntarily entering into an agreement with another undisclosed party which among other things provides that any dispute arising from breach of the agreement shall be resolved in the courts of Ohio–that evidences additional purposefully directed conduct by Defendant into this forum. (*Id*. at 2-3; see also *Exhibit 1* ¶ 9.1, attached thereto.) Plaintiff also argues that venue is proper because this Court has personal jurisdiction over Defendant. (*Id*. at 12.)

Defendant submitted a reply memorandum, arguing that the cease-and-desist letters are not enough to show that Defendant is amenable to service of process under Ohio's "long-arm" statute. (Doc. # 26, at 3-5.) Additionally, Defendant contends that even if Defendant's conduct falls within the scope of Ohio's long-arm statute, the exercise of personal jurisdiction over

Defendant is still inappropriate for purposes of the Due Process Clause and Defendant's rights afforded therein. (*Id.* at 5.) Specifically, Defendant argues that the cease-and-desist letters, the existence of multiple non-exclusive licensing agreements with other entities in the forum state, and the forum selection and choice of law clauses contained in the aforementioned agreement, are not enough to support this Court's jurisdiction over Defendant. (*Id*. at 6, 9, 12.)

The parties have completed briefing the issues involved, and the motion is now ripe for disposition.

## II.  Standard to be Applied

Under Federal Rule of Civil Procedure 12(b)(2), Defendant may move to dismiss a claim for lack of personal jurisdiction. In ruling upon a Rule 12(b)(2) motion, a court has three alternatives: (1) it may make a determination based on written submissions and affidavits alone; (2) it may permit discovery in aid of the motion; or (3) it may conduct an evidentiary hearing on the merits of the motion. *Serras v. First Tennessee Bank National Association*, 875 F.2d 1212, 1214 (6th Cir. 1989). Where, as here, the Court elects to rule on the matter based upon the pleadings and other documentary evidence, Plaintiff need only establish a *prima facie* case for jurisdiction. *Bridgeport Music, Inc. v. Still N The Water Publishing,* 327 F.3d 472, 478 (6th Cir. 2003). Although the Court considers the pleadings in a light most favorable to Plaintiff, Plaintiff must still set forth specific facts demonstrating that the Court has jurisdiction. *Serras,* 875 F.2d at 1214. If the facts support jurisdiction, the Court must deny the motion to dismiss even in the face of controverting evidence provided by Defendant. *Id.* The Sixth Circuit has explained that "any other rule would empower a defendant to defeat personal jurisdiction merely by filing a

written affidavit contradicting jurisdictional facts alleged by a plaintiff." *Id*. (citing *Data Disc, Inc. v. Systems Tech. Assocs., Inc*., 557 F.2d 1280, 1285 (9th Cir. 1977)).

When a motion to dismiss is made in the context of a patent infringement dispute, a district court applies Federal Circuit law to determine personal jurisdiction. *Akro Corp. v. Luker*, 45 F.3d 1541, 1543 (Fed. Cir. 1995). Accordingly, this Court's personal jurisdiction analysis applies the law of the forum state, subject to the limits of the Due Process Clause of the Fifth Amendment.[1] *Red Wing Shoe Co., Inc v. Hockerson-Halberstadt, Inc.,* 148 F.3d 1355, 1358 (Fed. Cir. 1998). If Defendant is amenable to service of process under the forum state's long-arm statute and if the exercise of personal jurisdiction does not offend "traditional notions of fair play and substantial justice," then personal jurisdiction exists. *Id*. Because Ohio's long-arm statute does not extend personal jurisdiction to the fullest extent of the Due Process Clause, Plaintiff must show that Defendant is amenable to suit under Ohio's long arm statute and that Defendant's activities in the State of Ohio satisfy the minimum contacts requirement of the Due Process Clause. *Hildebrand v. Steck Mfg. Co., Inc.*, 279 F.3d 1351, 1354 (Fed. Cir. 2002) (citing *International Shoe*, 326 U.S. at 316); *Goldstein v. Christiansen*, 70 Ohio St. 3d 232, 638 N.E.2d 541, 545 n.1 (1994)).

---

[1] The Sixth Circuit invokes the Due Process Clause of the Fifth Amendment in its personal jurisdiction analysis for patent infringement cases. *See Akro Corp.*, 45 F.3d at 1544. Nonetheless, in applying the analysis, the Sixth Circuit employs the Fourteenth Amendment state-minimum contacts test of *International Shoe Co. v. State of Washington*, 326 U.S. 310 (1945). *See Red Wing Shoe,* 148 F.3d at 1358 n.1.

### III.  Discussion

#### A.  Ohio's Long-Arm Statute

Defendant moves to dismiss this action on the grounds that Ohio's long-arm statute does not extend so far as to permit service of process on Defendant.  (Doc. # 13, at 7.)  Ohio's long-arm statute provides in pertinent part that "[a] court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's *transacting any business* in this state . . . ."  Ohio Rev. Code § 2307.382 (emphasis added).

The phrase "transacting any business" is broadly worded and permits jurisdiction over nonresident defendants "who are transacting any business in Ohio."  *Muzzin v. Brooks*, 168 Ohio App.3d 231, 236, 859 N.E.2d 584, 588 (2006) (citing *Kentucky Oaks Mall Co. v. Mitchell's Formal Wear, Inc.*, 53 Ohio St. 3d 73, 75, 559 N.E.2d 477, 480 (1990)).  The word "transact" in the context of the Ohio Revised Code means " 'to prosecute negotiations; to carry on business; to have dealings . . . .  The word embraces in its meaning the carrying on or prosecution of business negotiations but it is a broader term than the word 'contract' and may involve business negotiations which have been either wholly or partly brought to a conclusion . . . .' "  *Kentucky Oaks Mall Co.*, 53 Ohio St. 3d at 75, 559 N.E.2d at 480 (quoting Black's Law Dictionary (5th ed. 1979)).  Moreover, personal jurisdiction "does not require physical presence in the forum state."  *Goldstein*, 70 Ohio St. 3d at 236, 638 N.E.2d at 544.

Plaintiff's pleading does not explicitly state on what basis this Court has personal jurisdiction over Defendant.  (Doc. # 2 ¶ 4.)  The Complaint does, however, point to several cease-and-desist letters that Plaintiff received from Defendant regarding the use of the '184

Patent. (*Id*. ¶ 6.) Because the Complaint offers no other facts to establish Defendant's minimum contacts with the state of Ohio, the issue is whether the broad scope of § 2307.382 and the meaning of the word "transacting" encompasses Defendant's cease-and-desist letters.

In light of the Ohio Revised Code's acceptance of the Black's Law Dictionary definition for "transact" to mean "prosecute negotiations," "carry on business" or "have dealings," there is at least some *arguable* merit to Plaintiff's contention that Defendant's cease-and-desist letters fall within the scope of the statute. Plaintiff's Complaint alleges that Defendant's letters "demanded payment of a sum certain for alleged past damages and future sales." (Doc. # 2 ¶ 6.) Given that it appears that the principle source of Defendant's business is deriving revenues from patent licensing, it is potentially reasonable to conclude that Defendant's letters containing demand amounts (presumably based on such revenue streams) fall within the scope of carrying on business, prosecuting negotiations, and having dealings. Under a similar fact pattern, the court in *Red Wing Shoe Co*. agreed that there was some merit to the argument that cease-and-desist letters made a showing of minimum contacts with a forum state. 148 F.3d at 1359-60 (also noting that other courts have viewed cease-and-desist letters as merely having a tangential relationship to the essence of the dispute, which is patent infringement). But the letters involved here can also be easily regarded as simply one-sided business solicitation that hardly presents a substantial connection with Ohio. Therefore, this Court assumes only for the sake of argument that Defendant's cease-and-desist letters sent to Plaintiff are enough to fall within the scope of "transacting any business" within the State of Ohio.

**B.  Due Process Analysis**

Even assuming *arguendo* that Plaintiff has met the first prong of today's inquiry, the Court concludes that Plaintiff has failed to demonstrate that permitting suit against Defendant in Ohio does not violate Defendant's due process rights.  *Hildebrand*, 279 F.3d at 1354.  This test can be met on the basis of either general or specific jurisdiction.  *Red Wing Shoe,* 148 F.3d at 1359.  General jurisdiction is found where a defendant's contacts with the forum state are of such a "continuous and systematic" nature that the state may exercise personal jurisdiction over the defendant even if the action is unrelated to the defendant's contacts with the state.  *Id.*  Plaintiff provides no facts in the Complaint, nor does Plaintiff make any argument in its response to the motion, that general jurisdiction applies to the instant case.

Specific jurisdiction, on the other hand, may be found on the basis of a single act, provided that the action "is directly and substantially related to the plaintiff's claim."  *Id.* at 1359-60 (citing *McGee v. International Life Ins. Co.*, 355 U.S. 220, 222 (1957)).  Here, the Court determines whether the following criteria are met: (1) Defendant must purposefully direct its activities at residents of Ohio; (2) Plaintiff's claim for relief must "arise out of or relate to" Defendant's activities in Ohio; and (3) the exercise of personal jurisdiction over Defendant must be "fair and reasonable."  *Imperial Products, Inc. v. Endura Prods., Inc.*, 109 F. Supp. 2d 809, 815 (S.D. Ohio 2000) (citing *Genetic Implant Sys., Inc. v. Core-Vent Corp.*, 123 F.3d 1455, 1458 (Fed. Cir. 1997)).

The crux of the analysis centers upon Plaintiff showing that Defendant purposefully directed its activities to residents of the State of Ohio.  To this end, Plaintiff acknowledges that

more activity is required of Defendant than merely sending letters regarding suspected infringement of the '184 patent.  (Doc. # 24, at 8 (citing *Silent Drive, Inc v. Strong Industries, Inc.*, 326 F.3d 1194, 1201 (Fed. Cir. 2003) ("to comport with fair play and substantial justice, there must be 'other activities' directed at the forum and related to the cause of action besides the letters threatening an infringement suit"); *see also Red Wing Shoe Co.*, 148 F.3d at 1361 ("a patentee should not subject itself to personal jurisdiction in a forum solely by informing a party who happens to be located there of suspected infringement").)  The court in *Red Wing Shoe Co.* held that "[g]rounding personal jurisdiction on such contacts alone would not comport with principles of fairness."  148 F.3d at 1361.  Because the Complaint offers no other evidence of Defendant's purposefully directed activities with residents of Ohio, on the face of the Complaint alone Plaintiff has not established a *prima facie* case for this Court's exercise of personal jurisdiction over Defendant.

Plaintiff would have this Court look beyond the four corners of the Complaint and the evidence submitted in its response in opposition to the motion to dismiss for support for finding jurisdiction over Defendant.  Plaintiff relies on *Campbell Pet Company v. Miale* for the proposition that Defendant's actions fall within "additional conduct" sufficient to confer jurisdiction over Defendant.  (Doc. # 24, at 9 (citing *Campbell Pet Company v. Miale*, 542 F.3d 879, 885-86 (Fed. Cir. 2008)).)  Specifically, Plaintiff highlights a non-exclusive licensing agreement with a different forum-based corporation and a particular clause contained therein as evidence of "other activities."  (Doc. # 24, at 9, *Exhibit 1* ¶ 9.1 ("any cause of action or claim accrued or to accrue because of any breach or default by the other party or any term of the agreement shall be actionable in the courts of the State of Ohio . . . .").)  Even if the Court were

to look beyond the pleadings for evidence establishing personal jurisdiction, the Court does not find this additional argument well taken.

*Campbell Pet*'s examples of "additional conduct" do not provide adequate shelter to Plaintiff's argument.  542 F.3d at 885-86.  For instance, *Breckenridge Pharmaceutical, Inc. v. Metabolite Laboratories, Inc.* is distinguishable from the instant facts because it is not alleged and the facts do not support that Defendant has entered into an *exclusive* licensing agreement with an entity in Ohio.  444 F.3d 1356, 1366-67 (Fed. Cir. 2006) (emphasis added).  In fact, the court in *Breckenridge Pharmaceutical* differentiates the facts surrounding an exclusive licensing agreement in its case from situations involving non-exclusive licensing agreements, stating that "the exercise of personal *jurisdiction is improper* . . . where the defendant has successfully licensed the patent in the forum state, even to *multiple non-exclusive licensees*, but does not, for example, exercise control over the licensees' sales activities and, instead, has no dealings with those licensees beyond the receipt of royalty income." *Id.* at 1366 (citing *Red Wing Shoe*, 148 F.3d at 1357-58) (emphasis added).

Nonetheless, Plaintiff argues that the non-exclusive licensing agreement that Defendant entered into with an undisclosed entity, which called for any claim arising from breach from that specific contract to be resolved in Ohio courts, suffices as evidence that Defendant willingly subjected itself to this forum when it sent cease-and-desist letters to Plaintiff.  To the contrary, the Courts concludes that the agreement provided in the exhibit merely shows Defendant's intent to be subjected to Ohio courts should *that specific agreement* be violated; the agreement shows no intent on the part of Defendant to be subjected to Ohio courts when responding to potential infringement by other entities *that are not parties* to that agreement.  Plaintiff's argument fails in

the face of authority that holds even multiple non-exclusive license agreements with other entities in the forum state do not amount to "additional conduct" and a showing of personal jurisdiction. *Id.* In summary, even if the Court goes beyond the Complaint, Plaintiff fails to show that Defendant's due process will be protected.

### C. Improper Venue

Defendant argues that should the Court decline to dismiss the action and instead elect to transfer the case, the proper venue to receive the case is the United States District Court for the Southern District of California. (Doc. # 13, at 11.) Defendant indicates that it resides in San Diego, California, and that it does business only in that area. (*Id*. at 3.) Additionally, Defendant points to an ongoing parallel action between it and Plaintiff also involving the '184 patent, *Sorensen v. Big Lots*, Case No. 09-cv-47 BTM, that is currently pending in the Southern District of California. Defendant states that this parallel action is one of 36 other actions involving the same patent that are all pending in that court.

Plaintiff's pleading asserts that venue is proper in the Southern District of Ohio. (Doc. # 2 ¶ 5.) But Plaintiff's Complaint provides no basis for why venue is proper. 28 U.S.C. § 1391(b) is the general venue statute for federal civil actions not founded solely on diversity of citizenship, as is the case with actions involving patent infringement. It states as follows:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).  It is well settled that this "general provision[ ] must be read together with another general statute, Section 1391(c), which defines residence of corporations for purposes of [this] provision."  17 James W. Moore, Moore's Federal Practice § 110.01[3][a], at 110-15 (3d ed. 2003).

>Section 1391(c) provides:
>
>For purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced.  In a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.

28 U.S.C. §1391(c).[2]  Pursuant to § 1391(c), the test for determining proper venue for a corporate defendant incorporates the test utilized for determining personal jurisdiction. *Centerville ALF, Inc. v. Balanced Care Corp.*, 197 F. Supp. 2d 1039, 1048 (S.D. Ohio 2002). Accordingly, if Plaintiff can establish a *prima facie* case that this Court has personal jurisdiction over Defendant, then Defendant would also be deemed to reside in the Southern District of Ohio for purposes of venue.  However, because Plaintiff has not made a sufficient showing of this Court's personal jurisdiction over Defendant, the Court similarly concludes that this District is the improper venue for this case.  Further, the Court finds Defendant's argument persuasive that the proper venue for this case is the Southern District of California.

---

[2]  28 U.S.C. § 1391(c) is liberally construed to include unincorporated associations such as trusts.  *See Denver & Rio Grande Western R.R. Co v. Brotherhood of R.R. Trainmen*, 387 U.S. 556, 559-62 (1967).

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS** Defendant's motion to transfer and **DENIES** the motion to dismiss. (Doc. # 13). The Clerk shall transfer this case to the United States District Court for the Southern District of California.

**IT IS SO ORDERED**.

          /s/ Gregory L. Frost
          GREGORY L. FROST
          UNITED STATES DISTRICT JUDGE